[Civ. No. 8046. First Appellate District, Division Two.—December 4, 1931.]

SOUTHSIDE SPIRITUALIST CHURCH et al., Appellants, v. NATIONAL FEDERATION OF SPIRITUAL AND PSYCHIC SCIENCE CHURCH et al., Respondents.

Albert G. Payne, James R. Jaffray, Fred E. Stivers and Leroy Reames for Appellants.

J. C. Craig for Respondents.

SPENCE, J.—From a judgment in favor of defendants, plaintiffs appeal upon the judgment-roll.

The cause was tried upon plaintiffs' second amended complaint and the answer thereto. The main controversy appears to have been over the ownership and right to possession of certain property described in the complaint, the legal title to which real property stood in the name of the Southside Spiritualist Church, a religious corporation. This corporation was not made a party to the action. The Southside Spiritualist Church, an alleged unincorporated religious society, was originally named as one of plaintiffs but by the second amended complaint was "withdrawn as a separate and independent plaintiff in this action", leaving three individual plaintiffs, who alleged that they brought the action on their own behalf and for the benefit of other unnamed persons constituting a religious society known as the Southside Spiritualist Church. They further alleged among other things that "The said Southside Spiritualist Church, said plaintiffs and those with whom they are associated, are the owners and entitled to the immediate possession of said property." From the prayer of the complaint it appears that plaintiffs sought to quiet title to and obtain possession of the property. They also prayed for a decree to the effect that plaintiffs were entitled to the exclusive use of the name Southside Spiritualist Church, for an accounting of the rents and profits of the premises and for an injunction. In the answer the foregoing as well as

other allegations of the complaint were denied and the trial court found against plaintiffs upon the issues thus raised.

As above indicated, the record on appeal consists solely of the judgment-roll and the only contention made by appellants is that the findings do not support the judgment denying the relief prayed for in the complaint. We find no merit in this contention. Appellants' claims were based upon the theory that the property held in the name of the Southside Spiritualist Church, a religious corporation, was held by said corporation as the agent and trustee for an unincorporated religious society known as the Southside Spiritualist Church, consisting of appellants and their associates and that respondents and their associates had formed a new society teaching different doctrines and had taken possession of the property and deprived appellants of the use thereof. Appellants elected to proceed against respondents without making the corporation a defendant and brought the action on behalf of themselves and their alleged associates under the provisions of section 382 of the Code of Civil Procedure. The trial court found, among other things, that it was not true that appellants and their associates were a religious society known as the Southside Spiritualist Church and that it was not true that appellants or their associates were the owners or entitled to possession of the property or to the use of the name Southside Spiritualist Church. These findings support the judgment unless appellants' objections to the sufficiency of the denials made by the answer are sustainable. Certain denials were made "for want of information, knowledge *and* belief". Any objection to the use of the conjunctive rather than the disjunctive in this connection should have been made in the trial court, but certainly on this appeal on the judgment-roll alone we cannot assume that such denials based upon "lack of knowledge, information *and* belief" were not treated by all parties and by the trial court as sufficient to raise the issues. Appellants further call attention to the fact that it was denied in the answer that "plaintiffs *and* those with whom they claim to be associated" were a religious society. Appellants claim that such denial raised no issue, citing *Duckworth* v. *Watsonville etc. Co.*, 150 Cal. 520 [89 Pac. 338]. A reading of the answer shows that the denials of the allegations of the complaint relating to plaintiffs *and*

their alleged associates were in some instances made in the conjunctive and in some instances in the disjunctive. We do not believe, however, that the rule referred to in the authority cited is applicable under the circumstances in the present case. A complaint filed by certain named plaintiffs on behalf of themselves and numerous unnamed persons alleged to have a common or general interest in the litigation as permitted by section 382 of the Code of Civil Procedure, differs from the ordinary complaint where all parties interested are before the court as named parties to the action. The code section permits an informal type of pleading on behalf of an alleged group consisting of numerous named and unnamed persons, but it is the right of the group as such rather than the rights of any named or unnamed individual or individuals upon which such complaint is based. We are of the opinion that where it is alleged in such complaint that plaintiffs *and* their unnamed associates are a religious society and that plaintiffs *and* their unnamed associates are the owners and entitled to possession to certain property, a denial that plaintiffs *and* their associates are such religious society and a further denial that plaintiffs *and* their associates are owners of or entitled to possession of the property would be sufficient to raise the issues. However, the denials of the answer in the present case relating to the alleged ownership *and* right to possession of the property to plaintiffs *and* their associates were made in the disjunctive and the findings of the trial court on these issues were likewise in the disjunctive. The judgment finds ample support in these findings.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.